563 So.2d 1337 (1990)
Cherie BENJAMIN, et al., Plaintiffs-Appellants,
v.
FIRST HORIZON INSURANCE COMPANY OF MINNEAPOLIS, et al., Defendants-Appellees.
No. 89-129.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
*1338 Dr. E.A. Robinson, Baton Rouge, and Melvin M. Belli, Jack P. Dougherty, San Francisco, Cal., for plaintiffs-appellants.
Jeansonne & Briney, John A. Jeansonne, Jr., Lafayette, Burt K. Robinson, Baton Rouge, Allen & Gooch, Randall K. Theunissen, Juneau, Judice, Hill & Adley, Bert C. Beyer, Lafayette, for defendants-appellees.
Before DOMENGEAUX, C.J., and GUIDRY and KNOLL, JJ.
KNOLL, Judge.
Cherie Benjamin, Joann Benjamin, Lionell Benjamin, Cheryl Holmes, Michael Benjamin, and Torence Benjamin, respectively the wife and five lawful children of the deceased, Leroy Benjamin, appeal the dismissal on a motion for summary judgment of their wrongful death action against Max Merrick, Jr. and Scott Merrick, executive officers of Max Merrick Construction Inc., and their insurer, First Horizon Insurance Company (hereafter First Horizon) for an intentional tort. The Benjamins contended that Leroy Benjamin's death was caused by the intentional acts of the executive officers of Merrick Construction, and thus they had a claim for wrongful death under LSA-R.S. 23:1032 separate from their rights to claim worker's compensation death benefits from Merrick Construction.
On motions for summary judgment filed by the Merricks and First Horizon, the trial court concluded that there were no genuine issues of material fact and that the movers were entitled to judgment as a matter of law.
The Benjamins contend that the trial court was manifestly erroneous: (1) in finding that they offered no affidavits in rebuttal of defendants' motion for summary judgment; (2) in basing its decision on opinion evidence and on the determination of subjective facts; (3) in finding their petition and supporting evidence, i.e., a rebuttal affidavit and the investigative file of the Occupational Health and Safety Administration (hereafter OSHA), insufficient proof of the constructive intent of the Merricks that Leroy Benjamin's death was substantially certain to follow from their practices, policies and procedures; and, (4) in failing to recognize that their expert observed violations of OSHA directives which, at the very least, were an indirect cause of Leroy Benjamin's death.
The Merricks answered the appeal, asking us to also grant their peremptory exception of no cause of action. We affirm.

FACTS
In its well written reasons for judgment, the trial court succinctly summarized the facts of this case as follows:
"This suit involves a tragic accident which occurred on July 22, 1986, at a job site in Jefferson Davis Parish, Louisiana. Merrick Construction Company, Inc. had contracted with the State of Louisiana to replace a bridge over Bayou Arceneaux near Fenton, Louisiana.
Plaintiffs' decedent, LEROY BENJAMIN, an employee of Merrick, was struck and killed by the falling boom of the Bucyrus Erie 30-B crawler crane owned by his employer, Merrick.
From the affidavits and other documents filed in the record it would appear that the accident happened in the following manner. When the employees arrived at the job site early on the morning of July 22 to begin work, the crane operator, Victor Lemoine, started up the dragline to begin work but could not get the boom to move up and down. The boom was about 15 feet off the ground. He swung the boom around to be able to examine the machine to see what was wrong. He and Roger Ducote, another employee of Merrick, then began working on the crane in an attempt to locate the problem. They were working on the equipment *1339 inside the cab when suddenly and without warning the boom free fell striking and killing Benjamin and injuring Phillip Ducote, another Merrick employee. Evidently both of these employees walked under the boom at about the time it fell.
In their petition, plaintiffs allege that the sole cause of the accident was the combined negligence, gross negligence, wanton, wreckless conduct and intentional wrecklessness and carelessness of the executive officers and supervisors of Merrick consisting of intentionally failing to order and provide in its operations annual inspections and periodic maintenance of the crane; intentionally acquiescing in known company practices of failing to carry out inspections and maintenance; intentionally assigning an extremely hazardous task of repairing the machinery to unskilled, unqualified company employees; intentionally failing to supply Benjamin with a safe place to work; acquiescing in known company practices of failing to correct unsafe conditions; intentionally and knowingly using the crane when they knew or should have known of its history of irrepairability; and intentionally and consciously failing to provide a metal guard scaffolding or support to hold up the boom while repairs were being made. Plaintiffs also allege violation of OSHA regulations concerning failure to have annual inspections of the crane by competent persons or by a government or private agency recognized by the U.S. Department of Labor, and failing to properly shore the walls of the trenches which had already been dug."

SUMMARY JUDGMENT
The Benjamins contend that in ruling in favor of the Merricks and First Horizon, the trial court overlooked their rebuttal affidavit and the OSHA violations they submitted.
Summary judgment is an appropriate method for disposing of a case wherein intent is a critical question. Simoneaux v. E.I. Du Pont de Nemours, 483 So.2d 908 (La.1986). In Simoneaux, our Supreme Court further stated at page 912:
"A summary judgment should be granted when it is clear there exists no genuine issue of material fact and that the mover is entitled to the judgment as a matter of law. C.C.P. 966. A motion for summary judgment may be made at any time and can be based on the pleadings, affidavits, depositions, answers to interrogatories and admissions then on file. Id. Affidavits must be made on personal knowledge and set forth only facts admissible in evidence, and must show that the affiant is competent to testify to the matters contained within the affidavit. C.C.P. 967."
In making their argument, the Benjamins focus on the trial court's written statement, "Plaintiffs submitted no opposing affidavits....". Although our search of the record establishes that the Benjamins filed the affidavit of Michael Frenzel into evidence as part of its opposition to the motion for summary judgment, we find no error in the trial court's failure to refer to it.
An affidavit in opposition to summary judgment must set forth facts admissible into evidence to enable the trial court to make a determination regarding the affiant's competency as a witness to the alleged material facts at issue. LSA-C.C.P. Art. 967; Meyers v. Gulf Ins. Co., 413 So.2d 538 (La.App. 4th Cir.1982), writ denied, 420 So.2d 442 (La.1982).
In the case sub judice, the affidavit is void of any reference to facts which would establish Michael Frenzel's competency to testify to the facts stated in the affidavit. The only reference in the affidavit which hints of the basis of his authority to address the items outlined in the affidavit is a statement, without any elaboration, that he is employed by Safety Management, Inc. of Baton Rouge, Louisiana. Clearly, this affidavit was insufficient for consideration, *1340 and the trial court did not err in failing to recognize it as a rebuttal affidavit.
To buttress its argument, the Benjamins have attached Michael Frenzel's curriculum vitae to a supplemental brief filed in this court. Exhibits attached to an appellate brief are not evidence and cannot form part of the record on appeal. Norton v. Thorne, 446 So.2d 972 (La.App. 3rd Cir. 1984). Therefore we cannot consider Frenzel's curriculum vitae.
The Benjamins next urge us to look at the OSHA documents, attached to their opposition to the motion for summary judgment, as establishing genuine issues of material fact which should have precluded the dismissal of their intentional tort action against the executive officers.
After carefully reviewing the OSHA documentation, we find that they establish that: (1) Merrick Construction Co., Inc., not a party to this litigation, was fined $350 for failing to shore up the sides of trenches; and (2) Merrick Construction was cited, but not fined, for failure to have a copy of the annual inspection of the crane physically present in the cab of the crane. On this information, we find the OSHA documents void of any suggestion of a case of intentional injury on the part of the Merricks.
In its ultimate analysis of the motion of the Merricks and First Horizon for summary judgment, the trial court found:
"Defendants have submitted the affidavits of Victor Lemoine, the crane operator, and employee Roger Ducote, who were working on the crane at the time of the accident. Affidavits were also submitted by Ned Juneau, Phillip Ducote, Craig Coincon, and Wayne Juneau, all of the other employees with the exception of the decedent, Benjamin, who were present when the accident occurred. Also submitted were affidavits by Scott Merrick and Max Merrick, Jr., the executive officers of Merrick, and Robert N. Fleishmann, a professional engineer employed by Haag Engineers Company, which company involves itself in part in the business of failure and damage consultation, who examined the crane on the day after the accident ...
The affidavits show that prior to the accident there had never been any accidents with the crane, nor had the boom ever free fallen before. The crane was examined by Mr. Fleishmann the day after the accident and was found to be in good and proper working condition. The boom was raised and lowered and the ratchet wheel and pawl operated satisfactorily as did the movement of the boom. The day after the accident the crane was returned to service on the job and finished the job without the necessity of any repairs.
The actual facts concerning how the accident occurred negate a finding of intentional tort. The boom had never free fallen before. The crane was in good operating condition the day after the accident and did not need any repairs. All of the employees on the job, including decedent Benjamin, were aware of the problems with the crane and were aware that Lemoine and Ducote were working on the crane in an attempt to locate the problem ... From these facts it cannot be said that Lemoine or Ducote either desired to cause the consequences of their act, or believed the consequences were substantially certain to result.
Plaintiffs submit that the intentional acts committed by Max and Scott Merrick, the executive officers of Merrick, consist[ed] of their failure to conduct annual inspections and/or periodic maintenance to the crane; intentionally allowing unskilled and unqualified employees to repair the crane to save the corporation money; intentionally failing to supply decedent with a safe place to work; the safety violations cited by OSHA and other allegations set forth in their petition amount to intentional torts.
Under the strict interpretation of the term `intentional act' in Bazley [v. Tortorich, 397 So.2d 475 (La.1981)], this court *1341 knows of no successful case reported by an appellate court (nor has counsel cited any) where an intentional tort has been found in a case of this nature.
The recent Third Circuit case of Theriot v. Damson Oil Corp., 512 So.2d 584 (La. App. 3 Cir.1987) is informative, as well as instructive, of the difficulty of recovery against executive officers for alleged violation of safety rules, etc....
Again, the facts concerning how the accident occurred in the case sub judice negate a finding that the alleged intentional acts committed by Max and Scott Merrick, the executive officers of Merrick, meet the stringent test of Bazley concerning an intentional tort. From these facts it cannot be said that they intended the harm plaintiff decedent suffered or believed the result was substantially certain to follow."
After thoroughly reviewing the jurisprudence on this issue, together with the pleadings, motions and affidavits of record, we cannot say that the trial court was manifestly erroneous in dismissing the Benjamins' action against the Merricks and their insurer, First Horizon. Clearly, there were no genuine issues of material fact, and the Merricks were entitled to judgment as a matter of law.
Because of our affirmation of the trial court's judgment, it is not necessary for us to consider the Merricks' answer to the appeal.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Benjamins.
AFFIRMED.