626 So.2d 83 (1993)
Debra PYLANT, Plaintiff-Appellee,
v.
Terry LOFTON and Public Investors, Inc., d/b/a Pico Credit of Ruston, Defendants-Third Party Plaintiffs-Appellants,
v.
GULF INSURANCE COMPANY, et al., Third Party Defendants-Appellees.
No. 92-1473.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
*84 J. Michael Rhymes, Monroe, for Debra Pylant.
Jeffrey Allan Riggs, Alexandria, for Terry Lofton & Public Investors Inc.
Grove Stafford, Jr., Alexandria, for Gulf Ins.
Thomas Kimball Brocato, Carolyn Jeanelle Smilie, Alexandria, for Kansas City Fire & Marine.
Before GUIDRY, WOODARD and DECUIR, JJ.
GUIDRY, Judge.
In this suit arising out of a number of incidents of alleged sexual harassment, defendants-third party plaintiffs, Terry Lofton (Lofton) and Public Investors, Inc., d/b/a PICO Credit of Ruston (PICO), appeal the trial court's grant of summary judgment in favor of third party defendants, Gulf Insurance Company (Gulf) and Kansas City Fire and Marine Insurance Company (Kansas City). In their third party demand, Lofton and PICO sought damages, penalties and attorney's fees from Gulf and Kansas City for their refusal to provide them with a defense of plaintiff's suit.
This suit was consolidated with a similar suit presenting identical facts and issues entitled Rogers v. Lofton, 626 So.2d 88 (La.App. 3rd Cir.1993). The cases remain consolidated on appeal. We will decide all issues presented in this opinion but render a separate decree in Rogers, supra.
Third party defendants, Gulf and Kansas City, both answered the appeals praying that if this court should reverse the motions for summary judgment granted by the trial court, that we sustain them on other grounds not ruled upon by the trial court or alternatively, that we should dismiss third party plaintiffs' demands inasmuch as the original plaintiffs' demands had prescribed.

BACKGROUND
Debra Pylant and Lisa Rogers were employed by PICO from sometime in 1985 to April 4, 1988, when each was separately terminated. Thereafter, each filed claims of sexual harassment with the Equal Employment Opportunity Commission (EEOC), Pylant on May 19 and Rogers on May 20, 1988.
Pylant filed suit in the Third Judicial District Court on March 22, 1989 against Terry Lofton and PICO alleging that her manager, Terry Lofton, harassed her by means of sexual remarks and offensive touchings, intentionally inflicted emotional distress and that he violated La.R.S. 23:1006, et seq. Rogers filed a separate suit in the same district court on March 28, 1989 making substantially similar allegations.
The EEOC rendered its determination on May 6, 1989, finding that there was evidence to support both claimants' allegations that they were sexually harassed and that they were discharged in retaliation for opposing and protesting the alleged sexual misconduct.
PICO and Terry Lofton, as PICO's manager, were insured by Gulf under a comprehensive *85 general liability/multi-peril policy from August 1, 1985 to August 1, 1986 and by Kansas City, under a comprehensive general liability policy, from July 30, 1986 through July 31, 1987.
After being sued by Rogers and Pylant, PICO and Lofton demanded defense in both suits from Gulf and their subsequent liability insurer, Kansas City. Both insurers denied coverage and declined to furnish a defense in the two suits. On August 17, 1989, PICO and Lofton filed a third party demand against Kansas City for the costs of its defense plus penalties and attorney's fees. On a motion by Kansas City, the two suits were consolidated on October 26, 1989. PICO and Lofton thereafter also filed a third party demand against Gulf on October 30, 1990.
In the meantime, PICO and Lofton had retained their own counsel and sometime prior to the middle of December 1990 settled the claims of both Rogers and Pylant. Thereafter, on December 19, 1990, a motion to transfer the cases to the Ninth Judicial District, based on forum non conveniens, was granted. On March 15, 1991, Pylant's and Roger's suits against PICO and Lofton were dismissed leaving only the third party demands extant.

FACTS
Both Kansas City and Gulf filed motions for summary judgment to the third party demands urging that the terms of their respective policies clearly and unambiguously excluded coverage for the damages allegedly sustained by plaintiffs.
The Kansas City policy provides in pertinent part:

SECTION ICOVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement.
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTSCOVERAGES A AND B. This insurance applies only to "bodily injury" and "property damage" which occurs during the policy period. The "bodily injury" or "property damage" must be caused by an "occurrence". The "occurrence" must take place in the "coverage territory". We will have the right and duty to defend any "suit" seeking those damages.... (Emphasis ours)

2. Exclusions.
This insurance does not apply to:
a. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
. . . . .
e. "Bodily injury" to:
(1) An employee of the insured arising out of and in the course of employment by the insured; or
(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.
This exclusion applies:
(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
"Occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.
The Gulf policy is essentially the same, providing in pertinent part:
BODILY INJURY LIABILITY
PROPERTY DAMAGE LIABILITY
1. The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of *86 bodily injury or property damage to which this insurance applies, caused by an occurrence, and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises.... (Emphasis ours)
Exclusions
This insurance does not apply:
. . . . .
(i) to any obligation for which the insured or any carrier as his insured may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;
(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract; ...
. . . . .
"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;
...
In both policies the term "bodily injury" includes not only bodily injury but also sickness or disease to include death resulting therefrom.
Both plaintiffs filed original and supplemental petitions containing the same allegations:
(1) that Terry Lofton, the PICO manager, while acting within the course and scope of his employment, created a hostile working environment by virtue of his numerous remarks of a sexual nature and by offensive touchings;
(2) that such actions "... constituted a negligent as well as an intentional infliction of emotional distress as well as a violation of 23:1006, et seq". (Emphasis ours);
(3) that PICO knew of Lofton's actions and failed or refused to take appropriate action to abate those actions;
(4) that petitioners were harassed even after leaving PICO's employ; and,
(5) that petitioners, because of defendants' actions, suffered grievous injury and emotional distress and sustained lost income due to being wrongfully terminated and having to take a job at a lesser rate of pay.
The trial judge granted Kansas City's and Gulf's motions for summary judgment stating:
Plaintiffs filed suit for injuries suffered as a result of an alleged on-the-job sexual harassment. The policy of insurance issued to defendant, Public Investors, Inc., excluded coverage for bodily injury arising out of the injured party's employment. It is clear that the policies of insurance issued by Gulf Insurance Company and Kansas City Fire and Marine Insurance Company do not provide coverage for the injuries sustained by plaintiffs.
There was an intentional act committed by an employee of PICO and not an "occurrence" or "accident". Therefore there is no coverage for the claims made by plaintiffs or third party plaintiffs.

THE LAW
The application of a number of legal principles are necessary for the resolution of the issue presented on appeal. The obligation of an insurer to defend its insured was discussed by this court in Veillon v. United States Fire Insurance Co., 590 So.2d 1368 (La.App. 3rd Cir.1991), wherein we stated:
The obligation of an insurer to defend suits against its insured is broader than its liability for damage claims. American Home Assurance Company v. Czarniccki, 255 La. 251, 230 So.2d 253 (1969). The allegations of plaintiff's petition determine the insurer's duty to defend suits brought against its insured. Clemmons v. Zurich General Accident & Liabil. Ins. Co., 230 So.2d 887 (La.App. 1st Cir.1969). The insurer is under a duty to defend its insured regardless of the outcome of the case if, assuming plaintiff's allegations are true, there is both coverage under the policy and liability to plaintiff. Bldg. Special. v. *87 State Farm Mut. Auto. Inc., 440 So.2d 984 (La.App. 3rd Cir.1983). Unless plaintiff's petition unambiguously excludes coverage, the insurer is under a duty to defend its insured. Id.

In these cases to determine if coverage for the complained of acts are "unambiguously excluded" from coverage, the nature of the alleged act is of utmost importance. In this case plaintiffs alleged on-the-job sexual harassment over a two to three year period of time. This situation is similar to that of the plaintiff in Bustamento v. Tucker, 607 So.2d 532 (La.1992), who alleged she sustained damages resulting from the intentional infliction of emotional distress caused by sexual harassment over a period of two years. In Bustamento, the Louisiana Supreme Court explained:
Ms. Bustamento bases her claim upon the tort of intentional infliction of emotional distress. To establish this tort, the plaintiff must show outrageous conduct by the defendant causing serious emotional harm to the plaintiff. White v. Monsanto Co., 585 So.2d 1205 (La.1991) (adopting Restatement (Second) of Torts § 46). In White, supra, we acknowledged that this tort could occur in the workplace environment, although the brief, spontaneous conduct there did not rise to the level of being tortious. Indeed, we noted that "[r]ecognition of a cause of action for intentional infliction of emotional distress in a workplace environment has usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." 585 So.2d at 1210.
The rationale underlying our generalization in White, supra, regarding repeated conduct is that conduct which, viewed as an isolated incident, would not be outrageous or would not be likely to cause serious damage, can become such when repeated over a period of time. See Restatement (Second) of Torts § 46, Comment (j) (noting that both the intensity and the duration of the distress are factors to be considered in determining whether a pattern of conduct is actionable). This has been characterized as a sliding scale approach under which even relatively "mild" harassment may become tortious if continued over a substantial time period. Montgomery, Sexual Harassment in the Workplace: A Practitioner's Guide To Tort Actions, 10 Golden Gate U.L.Rev. 879, 890 (1980). (Emphasis ours)
Bustamento, supra, at 538.
And finally, since this case was decided via summary judgment involving a question of intent, we rely on Benjamin v. First Horizon Insurance Company of Minneapolis, 563 So.2d 1337 (La.App. 3rd Cir.1990), wherein we stated:
Summary judgment is an appropriate method for disposing of a case wherein intent is a critical question. Simoneaux v. E.I. Du Pont de Nemours, 483 So.2d 908 (La.1986). In Simoneaux, our Supreme Court further stated at page 912:
"A summary judgment should be granted when it is clear there exists no genuine issue of material fact and that the mover is entitled to the judgment as a matter of law. C.C.P. 966. A motion for summary judgment may be made at any time and can be based on the pleadings, affidavits, depositions, answers to interrogatories and admissions then on file. Id. Affidavits must be made on personal knowledge and set forth only facts admissible in evidence, and must show that the affiant is competent to testify to the matters contained within the affidavit. C.C.P. 967."
On appeal PICO and Lofton argue that the trial judge erred in finding coverage excluded under the "intentional act" or "occurrence" clauses of the policies. Appellants argue that since plaintiffs, in their supplemental and amending petitions, alleged that Lofton's acts constituted "... negligent as well as intentional infliction of emotional distress as well as violation of 23:1006, et seq." the "intentional act" and "occurrence" provisions are not applicable. We disagree.
There is nothing in the record, neither affidavit nor deposition, which would support plaintiffs' equivocal allegation of negligence on the part of Lofton and relied upon by appellant. In fact, plaintiffs' depositions clearly establish that Lofton's acts were intentional and repeated.
In the case at bar, it is clear that defendant's actions were intentional and not accidental. *88 Both policies specifically provide that insurance is provided thereunder for bodily injury and/or property damage caused by an "occurrence". The undisputed facts clearly establish that the bodily injury and/or property damage suffered by plaintiffs did not result from an "occurrence" within the meaning of the Gulf and Kansas City policies.
Appellants also complain that inasmuch as some of Lofton's acts took place after plaintiffs were terminated and away from the workplace, exclusionary language in the policy for acts arising out of and in the course of employment is not applicable. We disagree. However, inasmuch as we find that Lofton's acts were intentional, as they were intended to harass and intimidate plaintiffs and were expected or intended to cause emotional distress and thus clearly excluded from coverage under the "intentional acts" and "occurrence" provisions of the policies, we need not analyze those acts vis-a-vis the "arising out of and in the course of employment" exclusions of the policies.
In conclusion, PICO claims that even if we find no coverage under the policies issued by third party defendants that the issue of third party defendants' duty to defend is still before the court as that issue was not addressed by the trial judge. We disagree. In his reasons for judgment, the trial judge stated, "It is clear that the policies ... do not provide coverage for the injuries sustained by plaintiffs". (Emphasis ours) While the trial judge did not use the phrase "... unambiguously excludes coverage ..." in his reasons, we interpret "clear" to mean free from confusion or ambiguity; easily understood; obvious; unmistakable; certain; and/or positive. See Webster's New World Dictionary of American English, 3rd College Edition (1988). Consequently, we find the policies unambiguously excluded coverage and thus, there was no duty to defend.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellant, PICO.
AFFIRMED.