663 So.2d 173 (1995)
Rebecca Loupe Ballex, Wife of Chetley BALLEX
v.
Brian NACCARI, et al.
No. 95-C-1339.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1995.
*174 Steven Barth Witman, Joseph Benjamin Morton, III, Duplass, Witman, Zwain & Williams, Metairie, for Relator, Allstate Insurance Company.
Steven M. Lozes, Lozes & Cambre, New Orleans, for Respondents, Brian Naccari, M.D. and Brian Naccari, M.D., A Professional Medical Corporation.
Before BARRY, BYRNES and WALTZER, JJ.
BYRNES, Judge.
Allstate contests the trial court's denial of its motion for summary judgment. We affirm.
Plaintiff, a former employee of defendant Dr. Brian Naccari, filed suit, alleging sexual harassment. Dr. Naccari filed third-party demands against Allstate and American Motorists Insurance, claiming indemnity. Allstate filed a motion for summary judgment based on two insurance policy exclusions: the intentional act exclusion and the business activity exclusion.
The intentional act exclusion provided:

*175 We do not cover bodily injury or property damage resulting from:
a) an act or omission expected to cause bodily injury or property damage. This exclusion applies even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property than that intended or expected.
The business activity exclusion provided:
We do not cover bodily injury or property damage arising out of the past or present business activities of an injured person.
Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The mover bears the burden of establishing that there are no genuine issues of material fact, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of a trial on the merits. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Wilson v. Advance Paper Co., Inc., 612 So.2d 938 (La.App.4th Cir.1993). Moreover, a motion for summary judgment is not suitable for the disposition of cases requiring a judicial determination of subjective facts such as intent, knowledge, motive, malice, or good faith. Penalber v. Blount, 550 So.2d 577 (La.1989). In addition, policies should be construed to effect, not deny, coverage. Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983).
The words "intentional act" mean the same as "intentional tort." White v. Monsanto Co., 585 So.2d 1205, 1208 (La.1991). Thus, an intentional act is an act by someone who either consciously desires the physical result of his act, whatever the likelihood of the result happening from his conduct, or knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Brown v. Diversified Hospitality Group, 600 So.2d 902 (La.App.4th Cir.1992). Intent has reference to the consequences of the act rather than the act itself; and, only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional. White v. Monsanto Co., supra. The "substantially certain" factor is not an alternative to intentional act, but a method of proving that the act was intentional. Brown v. Diversified Hospitality Group, supra.
Relator compares sexual harassment with child molestation, citing Shaw v. Bourn, 615 So.2d 466, 470 (La.App.4th Cir.1993), writs denied, 618 So.2d 409, 412 (La.1993). In Shaw, this court found that an intentional act exclusion in an insurance policy did exclude acts of child molestation. However, the court noted: "Child molestation is a rare instance in which a factual determination of negligence or intentional conduct is inappropriate as a practical matter. It cannot result from careless conduct and only occurs as a result of a deliberate act by the perpetrator. Molestation of a child is a deliberate act, and therefore, is an intentional act." (Emphasis added.) Shaw at 470, citing Wallace v. Cappel, 592 So.2d 418 (La.App. 1st Cir.1991), writ denied 593 So.2d 651 (La.1992). In contrast to child molestation, sexual harassment requires a factual determination as to intent because the perpetrator may have thought his sexual advances were wanted ones. "Whether a given resulting bodily injury was intended `from the standpoint of the insured' within parameters is a question of fact. Such factual determinations are the particular province of the trier of fact...." Shaw at 471. Summary judgment is therefore not appropriate under the intentional act exclusion.
Relator also argues that the acts arose out of the business activities of Dr. Naccari and are therefore excluded under the business activity exclusion. However, whether the acts, some of which are alleged to have occurred away from the office at lunch, arose out of business or personal activities is a question to be determined by the trier of fact. Material issues of fact preclude summary judgment.
*176 Accordingly, we find no error in the trial court's denial of relator's motion for summary judgment.
AFFIRMED.