684 So.2d 959 (1996)
Sheila LAWSON, et al,
v.
Dr. Jeffrey STRAUS, et al.
No. 95-CA-2518.
Court of Appeal of Louisiana, Fourth Circuit.
October 2, 1996.
Rehearing Denied January 16, 1997.
*960 Dwan S. Hilferty, New Orleans, and Philip C. Ciaccio, Jr., New Orleans, for Plaintiffs/Appellants.
Jack A. Ricci, Gary J. Giepert, Ricci & Giepert, New Orleans, for Defendants/Appellants.
Gwendolyn S. Hebert, Hulse & Wanek, New Orleans, Margaret E. Bradley, Law Offices of Robert E. Birtel, Metairie, for Defendant/Appellee.
Before BARRY, KLEES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This appeal raises issues as to insurance coverage in a suit for sexual harassment and related tort claims. At the time of the alleged wrongs, the plaintiffs were employees of Louisiana Eye Center, P.C. ("Louisiana Eye Center"). The plaintiffs sued Dr. Jeffrey Straus, who also was an employee of Louisiana Eye Center, and the plaintiffs' superior, as the alleged harasser and tortfeasor. They also sued Louisiana Eye Center, as the employer of Dr. Straus, under a theory of respondeat superior vicarious liability.
Additionally, the plaintiffs sued St. Paul Fire & Marine Insurance Company ("St. Paul") as the liability insurer of Louisiana Eye Center and Dr. Straus and Continental Casualty Company d/b/a CNA Insurance *961 Companies ("Continental Casualty") as the liability insurer of Dr. Straus. Louisiana Eye Center and Dr. Straus cross-claimed for coverage against St. Paul and Dr. Straus cross-claimed for coverage against Continental Casualty.
St. Paul and Continental Casualty moved for summary judgment based upon various exclusions in their respective insurance policies. The trial court granted both motions for summary judgment and dismissed all claims against Continental Casualty and St. Paul. The plaintiffs, Dr. Straus and Louisiana Eye Center appeal. We find that there are genuine issues of material fact as to insurance coverage which preclude summary judgment and so we reverse and remand.[1]
Summary judgment may be granted only if the discovery materials and affidavits submitted in support of and opposition to the motion for summary judgment show that there is no genuine issue of material fact. La.Code Civ. Proc. art. 966. Any doubts as to whether summary judgment should be granted must be resolved against granting summary judgment and in favor of trial. Eg., Sassone v. Elder, 626 So.2d 345, 352 (La.1993); Koenig v. New Orleans Public Service, Inc., 619 So.2d 1127 (La.App. 4th Cir.1993).
Insurance policies should be construed to effect, not deny, coverage. Any ambiguity in an insurance policy exclusion should be narrowly construed in favor of coverage. Yount v. Maisano, 627 So.2d 148, 151 (La.1993); Ballex v. Naccari, No. 95-1339 (La.App. 4th Cir. 9/15/95), 663 So.2d 173, 175.
Continental Casualty's Intentional Injury Exclusion
Continental Casualty argues that there is no coverage under its policy, which policy has only Dr. Straus as a named insured, because of its policy's exclusion of liability coverage for "personal injury, bodily injury or property damage which could be reasonably expected or intended by you or any covered person."
Continental Casualty points out that, earlier in the case, Dr. Straus filed a motion for partial summary judgment in which he sought dismissal of all the plaintiffs' negligence claims against him on the ground that all such negligence claims are barred by the exclusive remedy provisions of the worker's compensation statute. La.R.S. 23:1032. The trial court denied that motion but, upon a motion for reconsideration by Dr. Straus (which also was denied), the trial court stated in its Reasons For Judgment that the jury would be instructed to dismiss all claims that the jury found to involve negligence rather than intentional wrongs by Dr. Straus. Thus, Continental Casualty argues that all plaintiffs' negligence claims will be dismissed (so that there is no need for coverage as to them) and that the claims for intentional wrongs are not covered because of the insurance policy's intentional injury exclusion.[2]
However, Continental Casualty's division of the universe of possible wrongs in this case into worker's compensation-covered negligence claims and insurance policy-excluded claims for intentional wrongs is an oversimplification. The coverage of the worker's compensation statute, and its exclusive remedy bar to negligence claims, is limited to injuries resulting from accidents arising out of and in the course of employment. La. R.S. 23:1031-32. See Galligan, A Primer On The Patterns of Louisiana Workplace Torts, 55 La. L.Rev. 71, 92-93 (1994).
*962 Consequently there are actually three categories of alleged wrongs to be considered.
1. Intentional wrongs which are exempted from the workers compensation statute's exclusive remedy bar but which are not covered due to the insurance policy's intentional injury exclusion.
2. Negligence claims which are within the scope of the worker's compensation statute and are thus barred by the statute's exclusive remedy provision.
3. Negligence claims which are not within the scope of the worker's compensation statute and are not excluded by the insurance policy's intentional injury exclusion.
Thus, the question becomes whether there are genuine issues of material fact as to whether there are any claims in category 3 i.e. claims for negligence that are not within the scope of the worker's compensation statute.
It is readily apparent that there are such genuine issues of material fact. The deposition testimony shows that there were a number of alleged wrongful acts of grabbing, verbal harassment, unwanted sexual advances, etc. that took place in bars, restaurants, the home of a plaintiff and in telephone calls from Dr. Straus' home to the homes of the plaintiffs. There are certainly genuine issues of material fact as to whether these incidents outside of the workplace, during non-business hours, fall within the scope of the worker's compensation statute.
Also, the deposition testimony shows that there are reasonable questions as to whether some of these incidents away from the workplace involved intentional harm or, instead, negligently-inflicted harm. (In fact, Dr. Straus denies causing any harm.) Both the deposition testimony of the plaintiffs and that of Dr. Straus show that all three of the plaintiffs' relationships with Dr. Straus included consensual explicit sexual discussions and consensual overt sexual activity and that two of the plaintiffs had consensual sexual relations with Dr. Straus. Dr. Straus argues that, due to the consensual sexual discussions, conduct and relations, he was never aware that he was causing any harm by any of his words, acts or advances. Thus, Dr. Straus argues, if there was any wrongful conduct by him (which he denies), then it arose due to his negligence rather than intent. Because of the background of consensual sexual discussions, conduct and relations, there is a genuine issue of fact, with respect to some complained-of incidents away from the workplace, as to whether any wrongs by Dr. Straus resulted from his negligence as opposed to his intent.
Continental Casualty argues that, because of the way in which the intentional injury insurance policy exclusion is phrased (harm "reasonably" expected or intended), the issue of whether any wrongful conduct of Dr. Straus was intentional must be determined by an objective "reasonable man" standard rather than in terms of Dr. Straus' subjective actual state of mind. For purposes of this appeal, we will assume without deciding that Continental Casualty is correct in that regard. It makes no difference to this appeal whether an objective or a subjective standard of intent is used. Under either standard, the factual context described in the deposition testimony creates a genuine issue of fact as to whether any wrongful acts of Dr. Straus were intentional or negligent. Reasonable minds could differ and so this issue must be decided by the finder of fact at trial. Sassone, supra; Koenig, supra.
Continental Casualty points out that, in a motion for partial summary judgment earlier in the case, Dr. Straus himself, based upon the worker's compensation statute's exclusive remedy provision, asked the trial court to dismiss all negligence claims. However, the trial court denied that motion for partial summary judgment. In any case, Dr. Straus can argue as to the merits that claims should be dismissed while arguing in the alternative that, if the claims are not dismissed, then there is insurance coverage for them.
Continental Casualty also points that, upon a motion for reconsideration by Dr. Straus as to his motion for partial summary judgment, the trial court continued to deny that motion for partial summary judgment but wrote in his Reasons For Judgment that the jury would be instructed to dismiss as to all claims the jury found to result from negligence. However, the case has not yet been *963 tried, the jury has not yet been instructed, and we assume that, if the evidence at trial is sufficient to raise an issue to be considered by the jury as to whether any of the plaintiffs' claims arise from negligence and are not within the scope of the worker's compensation statute, then the trial court will instruct the jury appropriately.
Continental Casualty cites Belsom v. Bravo, 658 So.2d 1304 (La.App. 5th Cir.), writ denied, 659 So.2d 737 (La.1995), and Pylant v. Lofton, 626 So.2d 83 (La.App. 3rd Cir.1993), for the proposition that intent by Dr. Straus can be "inferred" as a matter of law. Belsom involved a single episode of outright sexual assault and only one of the three judges of the Belsom court endorsed the "inferred intent" theory urged by Continental Casualty. Pylant, in which a male supervisor harassed several employees by sexual remarks and sexual grabbing over a period of years, has facts much more like those of the present case. But, a crucial distinction of Pylant from the present case, is that, in Pylant there was not a factual background of consensual sexual discussion, conduct and relations. It is from that background in the present case that the issue of Dr. Straus' intent arises. Thus, regardless of the merits of the inferred intent theory of Belsom and Pylant (a point we do not decide), it is clearly inapplicable to the facts of the present case.
Continental Casualty's Business Pursuits Exclusion
Continental Casualty argues that there is no coverage for the claims against Dr. Straus because of a "business pursuits" exclusion in its insurance policy. That exclusion states that there is no coverage for "personal injury, bodily injury or property damage arising out of business pursuits of you or a covered person".
However, there are genuine issues of fact as to whether some of the alleged injuries of plaintiffs arose out of business pursuits of Dr. Straus. As discussed above in connection with the interaction of the worker's compensation statute and the intentional injury exclusion, some of the alleged injuries of plaintiffs allegedly arise from incidents during non-working hours at bars, restaurants, a plaintiff's home and Dr. Straus' home.
The business pursuits exclusion was raised in Ballex v. Naccari, No. 95-1339 (La.App. 4th Cir. 9/15/95), 663 So.2d 173. That case, like the present case, involved alleged sexual harassment of a female employee by a physician. We held in Ballex that summary judgment as to the business pursuits exclusion was precluded because "whether the acts [of alleged harassment], some of which are alleged to have occurred away from the office at lunch, arose out of business or personal activities is a question to be determined by the trier of fact". 663 So.2d at 175. In the present case, some of the alleged wrongful acts are at least as far removed from work as those in Ballex, so summary judgment as to the business pursuits exclusion is precluded in this case as well.
Continental Casualty asserts that the plaintiffs have taken positions in their pleadings and depositions emphasizing the employment-related aspects of their claims. But, the plaintiffs' depositions show genuine issues as to whether all of their claims are in fact employment-related. Continental Casualty points to Dr. Straus' motion for partial summary judgment, as to negligence claims and based on the worker's compensation statute, as an "admission" by Dr. Straus that all of the negligence claims are employmentrelated. But, as we have held with regard to this same point in the context of the intentional injury exclusion, Dr. Straus can argue as to the merits of the negligence claims against him that they are all covered by the worker's compensation statute but argue, in the alternative, that if the negligence claims are not dismissed, then they are covered by insurance. In any case, regardless of Continental Casualty's attempts to turn the plaintiffs' and Dr. Straus' previous positions against them, the actual deposition testimony, when viewed in light of the Ballex decision, precludes summary judgment as to the business pursuits exclusion.
St. Paul's Intentional Injury Exclusion
St. Paul argues that there is no coverage for the claims in this case because of the "intentional injury" exclusion in its *964 insurance policy. That exclusion provides: "We won't cover bodily injury or personal injury that is expected or intended by any protected person." This exclusion is similar to an intentional act exclusion in Ballex v. Naccari, No. 95-C-1339 (La.App. 4th Cir.9/15/95), 663 So.2d 173. Both the Ballex exclusion and the St. Paul exclusion require a determination of the subjective state of mind of the insuredi.e. injury that "is" expected or intended. In Ballex, with allegations of sexual harassment analogous to some of the allegations of the present case, we held that "a motion for summary judgment is not suitable for the disposition of cases requiring judicial determination of subjective facts such as intent". 663 So.2d at 175. We also held that "sexual harassment requires a factual determination as to intent because the perpetrator may have thought his sexual advances were wanted ones". Id. The Ballex decision precludes summary judgment as to St. Paul's intentional injury exclusion because, as in Ballex, a determination of the insured's (Dr. Straus') intent is required.
St. Paul advances two of the same arguments in support of summary judgment as to its intentional injury exclusion as were advanced by Continental Casualty as to the intentional injury exclusion in the Continental Casualty policy. Those same arguments are: (1) that all claims are for either intentional wrongs for which coverage is excluded by the policy or are for work-related negligence which will be dismissed on the merits and (2) that intent of Dr. Straus should be "inferred" as a matter of law under the Belsom and Pylant decisions. Our reasoning in response to Continental Casualty's assertion of these arguments is also applicable to St. Paul's assertion of these same arguments. In light of the deposition testimony in this case, genuine issues of material fact preclude summary judgment as to St. Paul's intentional injury exclusion.
St. Paul's "Protected Person" Clause
St. Paul's policy provides coverage for "protected persons". Louisiana Eye Center itself is a "protected person" under the St. Paul policy. But, St. Paul argues that Louisiana Eye Center cannot be held vicariously liable for the alleged wrongs by Dr. Straus because, if he committed those alleged wrongs, Dr. Straus was not acting within the course and scope of his employment.
This is really an issue of the merits of the plaintiffs' claims against Louisiana Eye Center and not an issue of insurance coverage. The trial court did not dismiss the plaintiffs' claims against Louisiana Eye Center. It would be most anomalous were we to hold that there is no insurance coverage for Louisiana Eye Center, on the purported "ground" that Louisiana Eye Center is not liable, while the plaintiffs' claims against Louisiana Eye Center remain pending. If, when and to the extent that the plaintiffs' claims against Louisiana Eye Center are dismissed, on summary judgment or otherwise, then the issue of insurance coverage for Louisiana Eye Center will become moot, but that has not happened at least as of yet. In the meantime, Louisiana Eye Center is a "protected person" under the St. Paul policy.
Dr. Straus also is a "protected person" under the St. Paul policy, as the medical director of Louisiana Eye Center, when he is acting within the course and scope of his position with Louisiana Eye Center. St. Paul argues that, at least as to any alleged incidents which occurred outside the work premises, "any acts of a sexual nature including sexual assault and battery, unwelcome sexual advances and sexual harassment are clearly not part of Dr. Straus' duties as medical director". St. Paul has not pointed out any insurance policy language which clarifies when Dr. Straus is a "protected person" or which directly supports the just-quoted argument of St. Paul's brief. Consequently, it appears that the insurance policy is somewhat ambiguous on this point and, of course, ambiguous insurance policy provisions must be construed in favor of coverage. Yount, supra; Ballex, supra.
Also, the plaintiffs argue, with substantial support from the deposition testimony, that, even as to incidents outside the workplace, there are genuine issues of fact as to whether Dr. Straus acted in the context of his position with the Louisiana Eye Center. This is seemingly the reverse of the plaintiffs' (and Dr. Straus') position as to the Continental *965 Casualty business pursuits exclusion, but genuine issues of material fact as to that issue do not preclude genuine issues of material fact as to the present issue. At trial, the trier of fact may find Dr. Straus' acts to be all in the context of his position with Louisiana Eye Center, all not in such a context, or some in such a context and some not. For example, there is some deposition testimony which suggests that Dr. Straus exploited his position as the plaintiffs' supervisor in connection with some of the alleged incidents. This could impact the analysis of whether Dr. Straus was a "protected person" (or engaged in business pursuits) during these incidents. Cf. Baumeister v. Plunkett, No. 95-2270 (La.5/21/96), 673 So.2d 994 (fourfactor analysis of employer's vicarious liability for intentional torts of employee).
Considering the rules for interpretation of ambiguous insurance policy provisions, the standards for summary judgment and the deposition testimony, Dr. Straus' status as a "protected person" cannot be decided categorically upon summary judgment. The trier of fact will have to weigh all of the evidence about the various incidents as to which this issue is raised.
Other St. Paul Exclusions
St. Paul very briefly points to two other exclusions in its insurance policy. One of them, which is a limit of the coverage provided in a policy section entitled "Worker Protection", excludes coverage under that section for injuries to other employees and injuries resulting from sexual abuse. But, Dr. Straus points out that the worker protection section does not apply to employees who are covered under any other section of the policy and Dr. Straus, as an executive, officer and stockholder of Louisiana Eye Center, is covered under other policy sections. St. Paul does not dispute this point. Thus, the limits in the worker protection section are irrelevant to Dr. Straus' coverage.
The other exclusion very briefly pointed out by St. Paul states that: "We won't cover bodily injury to an employee arising out of and in the course of his or her employment by a protected person". The scope of this exclusion has been equated to the scope of worker's compensation statute. Manuel v. Liberty Mutual Ins. Co., 256 La. 480, 236 So.2d 807 (1970). We have above, in connection with Continental Casualty's intentional injury exclusion, discussed the manifest issues of fact as to whether some of the alleged incidents are within the scope of the worker's compensation statute. Because of those same issues of fact, summary judgment cannot be granted as to this exclusion. Also, the plaintiffs have made claims for other than bodily injury (lost wages, etc.) and this exclusion, by its own terms, has no application to such claims.
For the foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings. This decision addresses only insurance coverage and should not be construed as applying to the merits of the plaintiffs' claims against the defendants.
REVERSED; REMANDED.
BARRY, J., concurs.
BARRY, Judge, concurring with reasons.
Both insurers point to a rehearing ruling on the denial of a motion for partial dismissal by Dr. Straus as to the negligence claims. The trial court held that an issue of fact remained as to whether certain acts were intentional torts or negligent acts, but declared that "the jury will be instructed to dismiss any claims based on what the jury finds to be non-intentional acts." The majority notes that ruling but then footnotes a prior opinion of this Court which reversed a summary judgment in favor of Insurance Company of North America, an insurer of the Louisiana Eye Center. The majority states that plaintiffs and the Eye Center did not contest the characterization of the claims in that opinion as intentional. Actually, the prior opinion stated that plaintiffs'"claims are for intentional torts, not negligence, because otherwise they would be relegated to a worker's compensation remedy ..." Lawson v. Straus, 673 So.2d 223, 225 (La.App. 4 Cir. 3/14/96), writ denied 96-1709 (La.9/3/96), 678 So.2d 556.
The trial court stated that it would dismiss all claims which the jury found non-intentional, but that ruling was not rendered. At this point I am not convinced that no genuine *966 issue of material fact remains. The majority makes no mention of the recent amendment to La. C.C.P. art. 966. 1996 La. Acts 1st Ex.Sess. Act No. 9. However, the mover's initial burden has not changed. Michelet v. Scheuring Security Services Inc., 95-2196 (La.App. 4 Cir. 9/4/96), 680 So.2d 140.
NOTES
[1] A third liability insurer, Insurance Company of North America, also was dismissed by summary judgment. That dismissal was the subject of a previous appeal in which we reversed and remanded. Lawson v. Straus, No. 95-1537 (La. App. 4th Cir. 3/14/96), 673 So.2d 223, writ denied, 96-1709 (La.9/3/96), 678 So.2d 556.
[2] In the previous appeal, from a summary judgment in favor of Insurance Company of North America, the plaintiffs and Louisiana Eye Center contested neither the applicability of the workers compensation statute to the plaintiffs' claims nor the characterization of plaintiffs' claims as intentional. Lawson v. Straus, No. 95-1537 (La.App. 4th Cir. 3/14/96), 673 So.2d 223, writ denied, 96-1709 (La.9/3/96), 678 So.2d 556. Apparently, this was because Louisiana Eye Center is covered under the Insurance Company of North America policy regardless of whether Dr. Straus' alleged wrongs were intentional or negligent. Id. The plaintiffs, Louisiana Eye Center and Dr. Straus, do not assert the latter point in the present appeal and, instead, contest the applicability of the workers compensation statute and the characterization of Dr. Straus' alleged wrongs as intentional.