hBYRNES, Judge.
Triple E. Transport, Inc. sued its insurer, Certain Underwriters at Lloyd’s of London, for reimbursement for repairs to a container, owned by Great Lakes Chemical Company, which container was damaged in an accident while it was being carried on a Triple E trailer/chassis being hauled by a Triple E owned and operated truck. The lawsuit further seeks coverage for a second loss which is not at issue here. Triple E filed a motion for partial summary judgment relative to coverage of the damages to the container. The motion was granted by the trial court. Certain Underwriters here seeks supervisory review.
We grant writs to review the merits of relator’s application. Having done so we affirm the judgment of the trial court.
Insurance policies should be construed to effect, not deny, coverage. Any ambiguity in an insurance policy exclusion should be narrowly construed in favor of coverage. Yount v. Maisano, 627 So.2d 148, 151 (La.1993); Ballex v. Naccari, No. 95-1339 (La.App. 4th Cir. 9/15/95), 663 So.2d 173, 175.
|2The policy which purportedly provides coverage contains the following “ATTACHED TRAILER/CONTAINER INTERCHANGE” section on a page entitled “ADDITIONAL WORDING & CLAUSES”:
It is understood and agreed that unspecified trailers/trailer chassis not owned by nor leased to the Assured under Hire Purchase are included under this Policy whilst singularly attached to a scheduled tractor *242 of the Assured and/or owner/operator driver contracted to the Assured on long term lease.
This Endorsement is deemed to include coverage for containers but only whilst attached to trailers/ehassis which are covered by this Insurance.
Basis of valuation shall be the actual cash value of the trailer(s) concerned at the time of the loss but not exceeding US$30,-000 any one trailer. In the event of loss/damage to a trailer when the actual cash value exceeds US$30,000 the following 100% Coinsurance Clause shall apply.
The relator, Certain Underwriters, avers that the policy does not, under this language, provide coverage for non-owned containers attached to owned trailers or chassis. In this case, there is no dispute that both the tractor and the trailer/chassis were owned by Triple E, but the container was not. Relator contends that the first paragraph of the endorsement which refers to “trailers/ trailer chassis not owned or leased” to Triple E, limits by implication the language of the next paragraph covering containers “attached to trailers/chassis which are covered by this Insurance” to only those containers attached to nonowned trailer/chassis. In effect, the relator would have this Court read the phrase in the endorsement “trailer/chassis which are covered by this Insurance” as “trailer/chassis which are covered by this Endorsement.”
The respondent counters that the term “Insurance” is broader than the term “Endorsement.” Even the relator does not dispute the fact that other policy provisions found outside of the disputed endorsement provide coverage for owned trailer/chassis. We find that the use of the term “Insurance” in the disputed endorsement instead of the term “Endorsement” was for the express 13purpose of referring to the policy as a whole and was done with the conscious intention of expanding attached container coverage beyond the narrow limits of those attached only to non-owned trailer/chassis. In other words, if the trailer/chassis is covered, the attached container is covered regardless of who owns the container. As it is undisputed that owned trailer/chassis are covered by virtue of the general provisions of the policy[1] and as it is undisputed that non-owned trailer/chassis are covered by virtue of the endorsement, all attached containers are covered whether owned or non-owned, including the one involved in the instant ease, assuming it was “attached.”
Reading the endorsement in the manner most favorable to the relator for purposes of argument only, the most we could say is that the reading proposed by relator is one of two reasonable alternatives thereby raising the issue of ambiguity. But that does nothing to advance relator’s case as we must still construe the ambiguity against the relator and apply the reading suggested by respondent. Yount and Ballex, supra.
Accordingly, we find no error in the trial court’s denial of the relator’s motion for summary judgment and, therefore, affirm that judgment.
There was no error in the ruling of the trial court. The writ should be denied.

AFFIRMED.

. 1. DEFINITION OF AUTOMOBILE. The word "Automobile” wherever used herein shall mean each motor vehicle or trailer or semi-trailer described in this Insurance, including its equipment and other equipment permanently attached thereto....