439 So.2d 510 (1983)
Arthur D. POOLE
v.
OCEAN DRILLING & EXPLORATION CO., et al.
No. 82 CA 1070.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Writ Denied December 9, 1983.
*511 Allen J. Borne, Borne & Rogers, Franklin, for plaintiff.
Timothy J. McNamara, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for Highlands Ins. Co. and third party plaintiff, Ocean Drilling and Exploration Co.
James E. Blazek and Mark J. Spansel, Adams & Reese, New Orleans, for Lewis Crane Services, appellant.
Herman L. Bastian, Jr., New Orleans, for American Home Assur. Co., intervenor.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Third party defendant, Lewis Crane Service, Inc., appealed the summary judgment holding it liable for the complete indemnity and defense of third party plaintiffs, Ocean Drilling and Exploration Company and Highland Insurance Company.
The issues are the application of a service contract to plaintiff's activities and injuries, and the limitation of indemnification by contractual insurance coverage.
We affirm.
Lewis Crane Service, Inc. (Lewis) contracted with Ocean Drilling and Exploration Company (ODECO) to provide cranes and operators for the loading and unloading of oil field equipment. Plaintiff, a Lewis employee, was injured while hand-moving pipe in order to reach and repair a broken seal on an ODECO pipe rack.
Plaintiff sued ODECO and its insurer, The Highlands Insurance Company.[1] ODECO brought a third party demand against Lewis for contractual indemnification and defense and then filed a motion for summary judgment. Lewis filed an opposition and counter motion arguing that the work being done by plaintiff was outside its contractual duties, and that even if indemnity was owed, it should be limited to the insurance limits required by the contract.
The trial judge granted ODECO's motion, finding that the indemnity agreement covered the work being done at the time of the accident and that the indemnity was not limited to the amount of the insurance.
Lewis argues that the accident was not covered by the contract since no work order was ever issued and the accident did not fit within the phraseology of the indemnity paragraph.
When there is anything doubtful in agreements, including indemnity agreements, we must endeavor to ascertain what was the common intent of the parties, rather than adhere to the literal sense of the terms. Polozola v. Garlock, Inc., 343 So.2d 1000 (La.1977). La.C.C. art. 1950. All clauses of agreements are interpreted the *512 one by the other, giving to each the sense that results from the entire act. La.C.C. art. 1955. The court will construe ambiguous phrases against the preparer only if the common intent of the parties cannot be determined. Henry v. Ballard & Cordell Corporation, 401 So.2d 600 (La.App. 3rd Cir. 1981), affirmed 418 So.2d 1334 (La.1982). La.C.C. art. 1957.
Paragraph 1(a) of the contract provided:
This agreement shall control and govern the performance of all work by Subcontractor for Drilling Contractor under work orders, oral or written, given on or after the date hereof by Drilling Contractor to Subcontractor.
Paragraph 9 provided:
Subcontractor agrees to indemnify and hold harmless Drilling Contractor from and against any and all liens and claims for labor or material, and against any and all claims, demands, or suits for damages to persons and/or property (including, but not limited to claims, demands, or suits for bodily injury, illness, disease, death, loss of services, maintenance, cure, property or wages), which may be brought against Drilling Contractor (including, but not limited to those brought by Subcontractor's employees and agents and the agents and employees of its subcontractors) incident to, arising out of, in connection with, or resulting from the activities of Subcontractor, its employees and agents, or its subcontractors and their employees and agents, or in connection with the work to be performed, services to be rendered, or material to be furnished, under this contract, or under contracts referred to in 1(b) above, whether occasioned, brought about or caused in whole or in part by the negligence of Drilling Contractor, its agents, directors, officers, employees, servants or subcontractors, or otherwise, or by the unseaworthiness of any vessel owned, operated or controlled by Drilling Contractor, regardless of whether such negligence or unseaworthiness be active or passive, primary or secondary.
The seal plaintiff intended to repair had been damaged by crane operations.[2] Foremen from ODECO and Lewis discussed the fact that the seal would have to be repaired and Lewis proceeded to perform the work without a work order and gratuitously since it did the damage.
The argument that since there was no work order the contract does not apply, construes the contract too narrowly. After reading the contract as a whole, we find that plaintiff's accident was covered by the broad language of the indemnity paragraph.
The indemnity phrase "in connection with", has been defined as "being related to or associated with, but not the primary or only purpose of" in an insurance policy. Daire v. Southern Farm Bureau Casualty Insurance Company, 143 So.2d 389 (La.App. 3rd Cir.1962). The correction of Lewis's error, which occurred during the performance of its contractual duty of crane operations, is "related or associated to" that contractual duty, although not its "primary purpose." We find no error.[3]
Plaintiff next argues that Lewis's duty of indemnity is limited to the insurance limits specified by the contract.
Paragraph 8(c) of the contract provided:
(8) At any and all times during the term of this Agreement, Subcontractor agrees to carry insurance of the types and in the minimum amounts as follows:
* * * * * *
(c) Comprehensive general liability insurance with minimum limits of $100,000.00 for injury or death of any one person and $300,000.00 for any one accident and with minimum limits of $100,000.00 for property damage. Such insurance *513 shall additionally cover the contractual liabilities and indemnities herein assumed by Subcontractor with minimum limits of $300,000.00.
Appellant cites Hicks v. Ocean Drilling and Exploration Company, 512 F.2d 817 (5th Cir.1975), cert. denied, 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 639 (1976), and Dickerson v. Continental Oil Company, 449 F.2d 1209 (5th Cir.1971), cert. denied, 405 U.S. 934, 92 S.Ct. 942, 30 L.Ed.2d 809 (1972). Hicks, supra, involved the same contractual provisions as the contract in question. In dicta, the Fifth Circuit stated that the liability of the indemnitor was limited to the contractually required coverage, citing Dickerson, supra. While these cases can be persuasive, we do not agree with their interpretation.
In reading the contract as a whole, we find no indication of an intention that Lewis's liability as indemnitor be limited by insurance amounts. We interpret paragraph 8(c) as requiring minimum amounts of insurance to cover the particular liabilities on which Lewis acted as indemnitor. See Ogea v. Loffland Brothers Co., 622 F.2d 186 (5th Cir.1980).
For these reasons, the judgment of the trial court is affirmed with all costs to be paid by Lewis.
AFFIRMED.
WATKINS, J., dissents and assigns reasons.
WATKINS, Judge, dissenting.
I disagree with the opinion of the majority for the following reasons:
It is well established that an indemnity agreement is to be strictly construed.
The majority opinion indicates that indemnity agreements are to be given an interpretation consonant with the common intent of the parties, rather than a literal interpretation. So construing an indemnity agreement runs counter to the legal principle which has been long established that indemnity agreements are to be strictly construed.
The opinion holds that even if no work order was given the repair work being performed was covered by the contract. I do not agree with this position.
Clearly the basic tenet of the contract between Lewis Crane and ODECO was that all work was to be done under work orders, either oral or written. This was the underlying principle of the entire contract, including that part providing for indemnity. As the provision for indemnity is to be strictly construed it follows that the right of ODECO to indemnity applies only to activities of Lewis Crane undertaken under work orders.
It is apparent that a genuine issue exists as to the material fact of whether or not a work order was issued. Clearly, there was no written work order. However, the deposition of Cecil C. Parsons of ODECO could be construed as indicating an oral work order had been issued. On the other hand, the affidavit of J.D. Fields of Lewis Crane states that no work order was ever issued. If there was in fact a work order, there is no need to construe the indemnity provision of the contract, as the work was clearly being performed under the contract. Also, it is unclear whether or not ODECO was negligent under the scant facts available to the court. If one is to be indemnified against one's own negligence, an even more rigorous rule of strict construction is to be applied to indemnity contracts. As these facts are in dispute, and are indeed impossible to determine under the record before us, I think the issuance of summary judgment by the trial court was uncalled for and inappropriate.
I respectfully dissent.
NOTES
[1] Petroleum Equipment Tools Company (PETCO) and its insurer, also made defendants, were dismissed prior to trial.
[2] The deposition of an ODECO foreman indicated that plaintiff had damaged the seal when he hit it with a crane.
[3] Elston v. Shell Oil Company, 376 F.Supp. 968 (E.D.La.1973) affirmed 495 F.2d 1371 (5th Cir. 1974) cited by Lewis, is distinguishable on the facts and the terms of the indemnity agreement.