566 So.2d 1082 (1990)
Jimmy W. YOCUM, Appellee,
v.
CITY OF MINDEN, et al., Appellants.
No. 21639-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
*1084 Mayer, Smith & Roberts by Mark A. Goodwin, Shreveport, for appellants Owen White, Inc. and Continental Cas. Co.
Hicks and Bookter by Michael S. Hubley, Shreveport, for appellees Cajun Contractors and Engineers, Inc., and Bituminous Fire & Marine Ins. Co.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
In this action for personal injury damages as the result of a work-related accident, defendant and third-party plaintiff, Owen & White, Inc. (Owen), and its insurer, Continental Casualty Company (Continental) appealed the judgment of the trial court granting the motion for summary judgment filed by defendant and third-party defendant, Cajun Contractors and Engineers, Inc. (Cajun), dismissing Owen's claim for indemnification. Finding that the exclusiveness of plaintiff's remedy against his employer in worker's compensation does not automatically bar the operation of the contract of indemnity between Cajun and Owen, we reverse.

Issue Presented
On appeal Owen presents the following issue for consideration:
Whether the exclusiveness of plaintiff's remedy against his employer is of any significance in interpreting a contract of indemnity between an alleged third-party tortfeasor and plaintiff's employer.

Factual Context
According to the petition, plaintiff Yocum was employed as a pipefitter by Cajun on a sewer improvement job contracted by the City of Minden. Owen acted as consulting engineer on the project. On March 31, 1986, while on the job, plaintiff was required to enter a deep ditch in an attempt to move a submersible pump from one location to another. The walls of the ditch caved in on plaintiff, pinning him against the pump and pipe in the ditch. As a result of this accident plaintiff sustained serious injuries.
On December 23, 1986 plaintiff filed his action for damages naming as defendants the City of Minden, Cajun and Owen. The trial court later granted a motion for summary judgment filed by the City of Minden and dismissed it from the action. Plaintiff had generally alleged that the sole and proximate cause of the accident was the negligence of all the defendants in failing to supervise conditions at the job-site, failing to insure proper safety requirements and failing to reinforce the walls of the ditch so to avoid a cave-in. Plaintiff stated he was receiving worker's compensation benefits.
Plaintiff later filed a supplemental and amending petition essentially alleging that defendants were in possession and control of the site at which plaintiff was injured and knew or should have known that the ditch in which he was injured was unsafe to work in and that a cave-in was substantially certain to occur, yet instructed him to proceed into the hole. Additionally, defendants allegedly knew that prior cave-ins had occurred at the site under similar conditions as the accident involving plaintiff. Plaintiff asserted defendants failed to *1085 shore the sides of the pit on the date of his injury, knew there was water in the pit and knew or should have known such water would cause the sides of the pit to cave-in. Plaintiff contended that even though defendants knew or should have known the failure to shore the sides of the hole would cause a cave-in, plaintiff was nevertheless sent down into the pit where it was substantially certain he would be injured. By second supplemental and amending petition, plaintiff named Owen's insurer, Continental Casualty Company, as an additional defendant.
Cajun filed a motion for summary judgment, alleging plaintiff's action was brought as the result of an on-the-job accident while he was employed by defendant. Cajun noted that plaintiff alleged the accident resulted from its negligence and, as plaintiff was its employee, his sole remedy against Cajun was under worker's compensation law. Cajun asserted it had paid through its insurer and was continuing to pay all sums due plaintiff pursuant to the Worker's Compensation Act. The trial court granted Cajun's motion for summary judgment, dismissing plaintiff's demands against this defendant.
Owen filed an answer and third-party demand naming as third-party defendants Cajun and its liability insurer, Bituminous Fire & Marine Insurance Company. Owen alleged that at all times pertinent there was in full force and effect a contract between the City of Minden and Cajun which provided that Cajun would indemnify and hold harmless Owen and its agents and employees from all claims, damages, losses and expenses arising out of or resulting from the performance of the work which were caused in whole or in part by any negligent act or omission of Cajun, any subcontractor or anyone directly or indirectly employed by them. In the alternative and only in the event it was determined by the court that the injury to plaintiff was caused at least in part by the negligence of Cajun, Owen contended there should be judgment in favor of it and against Cajun for full indemnification, including the cost of defense of the claim and any amount for which it may be cast.
The Standard General Conditions of the Construction Contract provided for indemnification as follows:
6.30. To the fullest extent permitted by law, CONTRACTOR shall indemnify and hold harmless OWNER and ENGINEER and their agents and employees from and against all claims, damages, losses and expenses including but not limited to attorney's fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (a) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom and (b) is caused in whole or in part by any negligent act or omission of CONTRACTOR, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts anyone of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder.
6.31. In any and all claims against OWNER or ENGINEER or any of their agents or employees by any employee of CONTRACTOR, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, the indemnification obligation under paragraph 6.30 shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits payable by or for CONTRACTOR or any Subcontractor under workers' or worker's compensation acts, disability benefits acts or other employee benefits acts.
6.32. The obligations of CONTRACTOR under paragraph 6.30 shall not extend to the liability of ENGINEER, his agents or employees arising out of the preparation or approval or maps, drawings, opinions, reports, surveys, Change Orders, designs or specifications.
In response, Cajun filed a motion for summary judgment alleging the Standard General Conditions of the Construction Contract upon which Owen's claims to indemnification were based provided indemnification *1086 only in the event a claim was "caused in whole or in part by any negligent act or omission of CONTRACTOR". Cajun noted it had been previously determined by judgment on motion for summary judgment that any acts of negligence by it as contractor were non-actionable. Therefore, Cajun argued there was no basis for a claim of negligence against it in these proceedings and thus no claim for indemnification on behalf of Owen.
The trial court granted the motion for summary judgment, dismissing Owen's claim for indemnification. It noted Owen alleged it should be indemnified in the event the trial court determined that the injuries suffered by plaintiff were caused, at least in part, by the negligence of Cajun. Owen filed the demand for indemnification based upon the provision of the Standard General Conditions of the Construction Contract which provided in pertinent part that the contractor would indemnify the engineer from and against all claims provided that any such claim was "caused in whole or in part by any negligent act or omission of Contractor". The trial court found the language of the indemnification agreement between Cajun and Owen was clear that Cajun would indemnify Owen only for claims caused, in whole or in part, by the negligent acts or omissions by Cajun. As the trial court had previously determined that any such negligence by Cajun was non-actionable, it concluded there were no negligent acts or omissions by Cajun for which Owen was entitled to be indemnified.

Legal Principles
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such issue of material fact is to be resolved against the granting of the motion. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. If the evidence presented is subject to conflicting interpretations or reasonable men might differ as to its significance, summary judgment is not proper. The summary judgment procedure should be used cautiously and sparingly and any reasonable doubt concerning dispute as to a material issue of fact must be resolved against the granting of the motion for a summary judgment as it is not a substitute for, nor can it take the place of, a trial on the merits. Hakim v. Albritton, 552 So.2d 548 (La.App. 2d Cir.1989); Ebarb v. Erwin, 530 So.2d 1166 (La.App. 2d Cir.1988), and Marsh v. Reserve Life Insurance Company, 516 So.2d 1311 (La. App. 2d Cir.1987).
The contract of indemnity forms the law between the parties and must be interpreted according to its own terms and conditions. The purpose of the indemnity agreement is to allocate risk inherent in the activity between the parties to the contract. Where there is anything doubtful in the indemnity agreements, the courts will endeavor to ascertain what the common intent of the parties was, rather than adhere to the literal sense of the terms. All clauses of the agreements are interpreted the one by the other, giving to each the sense that results from the entire act.
The general rules which govern the interpretation of other contracts apply in construing a contract of indemnity. Interpretation of the contract is the determination of the common intent of the parties and when the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. The determination of the intention of the parties is the foremost requirement in the interpretation and construction of a contract. Perkins v. Rubicon, Inc., 563 So.2d 258 (La.1990); Soverign Insurance Company v. Texas Pipe Line Co., 488 So.2d 982 (La.1986); Polozola v. Garlock, Inc., 343 So.2d 1000 (La.1977); Sutherland v. Hamner, 488 So.2d 486 (La.App. 3d Cir. *1087 1986); Robinson v. State Through Department of Transportation, 454 So.2d 257 (La.App. 1st Cir.1984), writ denied, 458 So.2d 122 (La.1984); Poole v. Ocean Drilling & Exploration Co., 439 So.2d 510 (La. App. 1st Cir.1983), writ denied, 443 So.2d 590 (La.1983), and Commercial Union Insurance Company v. Melikyan, 430 So.2d 1217 (La.App. 1st Cir.1983).
It is well-settled that, although the exclusive remedy provision of the Worker's Compensation Act relieves an employer from the obligation to indemnify under the "tort indemnity" theory, an obligation on the part of the employer to indemnify may be created or may arise from a contract of indemnity entered into between the employer and the party demanding indemnification. Casnave v. Dixie Building Material Company, Inc., 490 So.2d 381 (La.App. 4th Cir.1986) and Bagwell v. South Louisiana Electric Co-Op. Association, 228 So.2d 555 (La.App. 3d Cir.1969).

Motion for Summary Judgment
Owen argues that while the trial court correctly dismissed plaintiff's claim against his employer, the exclusiveness of plaintiff's claim against Cajun has no bearing on the right of Owen to obtain indemnification from Cajun in accordance with paragraphs 6.30 and 6.31 of the contract. Owen contends it should be permitted to prove at a trial on the merits that the facts and circumstances of this case trigger the provisions of the indemnification agreement. We agree and find that the trial court erred in dismissing Owen's demand for indemnification upon Cajun's motion for a summary judgment.
The indemnity provisions contained in the standard contract clearly obligate Cajun to indemnify Owen against liability under certain circumstances. Cajun presumably undertook this indemnity obligation knowingly and in good faith and without reserving and/or restricting its liability to injuries caused to its own employees. This contractual obligation is wholly separate and distinct from the tort liability which would ordinarily attach to Cajun for negligently injuring its own employee. The fact that Cajun is protected from liability in tort to its employee under the exclusive remedy provision of the Worker's Compensation Act does not abrogate or otherwise limit its contractual liability under the indemnity clauses of the contract. The jurisprudence has held that an employer may undertake an obligation to indemnify by entering into a contract of indemnity.
This finding is supported by the ruling of the Fourth Circuit Court in Fontenot v. Monsanto Company, 363 So.2d 1309 (La. App. 4th Cir.1978). In that case the contractor, River Parish Maintenance Inc., had entered into an indemnification agreement with Monsanto. Plaintiff was injured while he was working within the course and scope of his employment with River Parish on the Monsanto premises in accordance with a contract between Monsanto and his employer. While noting the exclusive remedy provision of the Worker's Compensation Act relieved a statutory employer from the obligation to indemnify under the "tort indemnity theory," the court found that River Parish was a signatory to a contract containing provisions which required it to indemnify and hold harmless Monsanto from claims and actions arising out of its performance of the work required by the contract. The court concluded that the exclusiveness of Fontenot's remedy against his employer was of no significance in interpreting the contractual commitment which River Parish had made to Monsanto. The court stated that companies who entered these kinds of indemnity agreements had made a calculated business decision so to proceed. Thus, as long as Fontenot persisted in his claim for damages arising from the performance of his duties at the Monsanto facility while employed by River Parish, Monsanto had an equal right under the terms of the particular contractual language contained in the agreement between it and River Parish to persist in its third party claim against River Parish for indemnification, notwithstanding Fontenot's exclusive remedy against River Parish. Accordingly, the court held that the dismissal of Monsanto's claim for indemnity against River Parish upon River Parish's exception of no right of action was manifestly erroneous. *1088 See also McNeal v. Wyeth-Scott, Inc., 415 So.2d 568 (La.App. 3rd Cir.1982).
The fact that the language of the indemnity agreement in Fontenot appears to be broader than that contained in the indemnity agreement herein is of no consequence. Both contracts undertook to indemnify the indemnitee for negligent acts and the court in Fontenot specifically found that the exclusiveness of the worker's compensation remedy had no bearing on the interpretation of the indemnification contract.
Cajun relies upon the provisions of paragraph 6.32 of the indemnification contract which state that its obligation for indemnification shall not extend to the liability of Owen arising out of the preparation or approval of maps, drawings, opinions, reports, surveys, Change Orders, designs or specifications. Cajun argues that as any negligence on the part of Owen must arise from these specified acts, it would not be entitled to indemnification pursuant to that provision. However, a review of plaintiff's pleadings shows that plaintiff alleged certain negligent acts and conduct committed by Owen as the basis of liability which would clearly be beyond the limiting scope of this particular provision. In any event, the question of whether the actions of Owen fell inside or outside the scope of paragraph 6.32 would present a significant issue of material fact which would act to preclude the granting of a motion for summary judgment. The record does not contain sufficient facts to determine the cause of the accident and the issue of the negligent acts of Owen and Cajun is a question of material fact which must be considered by the lower court.
Cajun also contends that the indemnity provisions are ambiguous and do not clearly obligate Cajun to indemnify Owen against liability resulting from Owen's negligent acts. The jurisprudence requires that a contract of indemnity which indemnifies the indemnitee against the consequences of its own negligence has to be strictly construed and such an intention must be expressed in unequivocal terms. The interpretation and application of the indemnification provisions of the contract at issue herein present issues which cannot be resolved on a motion for summary judgment and it cannot be said that the indemnity provisions are ambiguous as a matter of law. The contract could be interpreted to require Cajun to indemnify Owen from all liability resulting from negligent acts other than those specified in paragraph 6.32 and it is inappropriate to summarily dismiss the indemnity obligation without a trial on the merits to resolve the factual issue of intent of the parties in executing this contract.
Finally, Cajun argues that an interpretation of the indemnity agreement to require the plaintiff's employer to pay tort damages as well as worker's compensation would violate the public policy considerations embodied in the exclusive remedy provision of the Worker's Compensation Act. In support of this argument Cajun notes the enactment of La.R.S. 38:2216 G(2) in 1989 which declares in pertinent part that any provision contained in a public contract, other than a contract of insurance, providing for a hold harmless or indemnity agreement, or both, from the contractor to any engineer engaged by the public body for such damages caused by the negligence of such engineer is contrary to the public policy of the state and any and all such provisions in any and all contracts are null and void. While this statute would render null the indemnity provision at issue in this case, Cajun admits that it has no direct bearing on this litigation as the statute did not apply to public contracts confected before its effective date. However, Cajun argues that the passage of the statute merely codifies public policy which existed at the time the contract herein was executed and thus its passage is supportive of Cajun's position in this case. As noted above, a similar indemnity agreement was given effect by the court in Fontenot and the Supreme Court has recently also upheld such a provision in Perkins v. Rubicon, Inc., supra. Thus, Cajun's public policy argument is without merit.

Decree
For these reasons, the judgment of the trial court granting the motion for summary *1089 judgment filed by Cajun is REVERSED; the motion is DENIED; and this matter is REMANDED to the trial court for further proceedings. Costs of this appeal are assessed to appellee.