673 So.2d 223 (1996)
Sheila LAWSON, Lisa Prince and Kimberly Kady
v.
Dr. Jeffrey STRAUS, Louisiana Eye Center of New Orleans, P.C. D/B/A Straus Azar Medical Surgical and Laser Eye Center, Medical Care International, et al.
No. 95-CA-1537.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1996.
Rehearing Denied May 31, 1996.
*224 Philip C. Ciaccio, Jr. and Dwan S. Hilferty, New Orleans, for plaintiffs/appellants.
George J. Richaud, Young, Richaud, Theard & Myers, Jack A. Ricci and Gary J. Giepert, Ricci & Giepert, New Orleans, for defendants/appellees.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
This appeal presents issues of liability insurance coverage. The plaintiffs, who sued a liability insurer under the Direct Action statute, and also sued the insured and another defendant, filed a motion for summary judgment regarding insurance coverage. The insurer then filed its own motion for summary judgment that coverage was excluded. The trial court granted the insurer's motion for summary judgment, held that there was no insurance coverage for any of the claims made in this case, and dismissed the case against the insurer. The plaintiffs and one defendant filed this appeal. We find that there is insurance coverage as to some of the claims in this action and so we reverse and remand for further proceedings.
This action was instituted by the plaintiffs, Sheila Lawson, Lisa Prince and Kimberly Kady, filing suit against their former employer, Louisiana Eye Center of New Orleans, P.C. d/b/a Straus Azar Medical Surgical and Lazer Eye Center ("Louisiana Eye Center") and Dr. Jeffrey Straus. Dr. Straus also was employed by Louisiana Eye Center. They also sued Louisiana Eye Center's liability insurer, Insurance Company of North America ("INA") under the Direct Action Statute. The plaintiffs allege that Dr. Straus committed a number of wrongful acts of a sexual nature directed toward them. One factual allegation, as set out in the petition and depositions, is that on many occasions, Dr. Straus would grab their buttocks. There also are allegations that Dr. Straus grabbed *225 the breasts and crotches of some of the plaintiffs, that he spoke to the plaintiffs in an unwelcome "lewd" and "sexual" manner and that he made unwelcome "sexual advances" toward the plaintiffs.
The plaintiffs assert several causes of action against Dr. Straus and Louisiana Eye Center, including assault, battery[1], and intentional infliction of emotional distress. They also assert a statutory cause of action for employment discrimination, specifically sexual harassment, under La.R.S. 23:1006.[2]
There are several points which, while discussed in the briefs, can be disposed of quickly because there is no real dispute about them. First, the plaintiffs are not making any claim for worker's compensation. Instead, they seek recovery in tort. Second, the plaintiff's claims are for intentional torts, not negligence, because otherwise they would be relegated to a worker's compensation remedy under the exclusive remedy provision of the worker's compensation statute. See, e.g., White v. Monsanto Co., 585 So.2d 1205, 1208 (La.1991); Bazley v. Tortorich, 397 So.2d 475 (La.1981); Brown v. Diversified Hospitality Group, 600 So.2d 902 (La.App. 4th Cir.1992). Third, there is an "intentional injury" exclusion in the insurance policy but it excludes coverage only with respect to claims for injuries intentionally caused by a named insured. Fourth, Louisiana Eye Center, but not Dr. Straus, is a named insured, so the intentional injury exclusion does not apply to injuries intentionally inflicted by Dr. Straus as opposed to Louisiana Eye Center. However, because he is not a named insured, Dr. Straus is not himself insured against liability under the policy. Fifth, Louisiana Eye Center could be held liable, as the employer of Dr. Straus, under a theory of vicarious liability. If Louisiana Eye Center is held vicariously liable, then it would not be denied coverage by the "intentional injury" exclusion. See generally Wainwright v. Moreno's Inc., 602 So.2d 734, 740 (La.App. 3rd Cir. 1992); Lowe & Sons, Inc. v. Great American Surplus Lines Ins., Co., 572 So.2d 206 (La. App. 1st Cir.1990).
The one issue truly in contest is presented by Exclusion No. 7 of the insurance policy, which states:
This insurance does not cover damages arising out of a coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee or, any personnel practices, policies, acts or omissions.
INA argues that Dr. Straus's alleged acts constitute "coercion", "harassment" or "discrimination" as well as "personnel practices... acts or omissions", so that Exclusion No. 7 is applicable.
An exclusionary provision in an insurance contract is strictly construed against the insurer and, if there are two reasonable interpretations of the exclusion the interpretation which favors coverage must be applied. Garcia v. St. Bernard Parish School Board, 576 So.2d 975, 976 (La.1991). Thus, if we find Exclusion No. 7 ambiguous with respect to whether coverage is excluded for the claims in this case, then we must find that there is coverage.
INA argues that all of Dr. Straus' alleged acts constitute "sexual harassment," which is a form of gender-based discrimination so that the references to "harassment" and "discrimination" in Exclusion No. 7 are applicable. A sexually hostile work environment can constitute a form of sexual harassment which has been held to constitute a type of gender-based discrimination actionable under both Title VII of the federal Civil Rights Act, See, Meritor Savings Bank FSB v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), and La.R.S. 23:1006. Bustamento v. Tucker, 607 So.2d 532 (La.1992). The course of Dr. Straus' alleged conduct, especially taken as a whole, might constitute such actionable sexual harassment (an issue we need not and do *226 not decide). Assuming, without deciding, that the references to "harassment" and "discrimination" in Exclusion No. 7 are applicable to sexual harassment, there would be no coverage for the plaintiffs' claims under La. R.S. 23:1006 and the plaintiffs expressly so concede.
However, the plaintiffs also have made claims for battery, assault and intentional infliction of emotional distress. To determine whether coverage for those claims is excluded by Exclusion No. 7, we will examine the legal elements of battery, assault and intentional infliction of emotional distress as well as the factual allegations made in support of those claims.
The Supreme Court has held that a battery is a harmful or offensive contact with a person resulting from an act intended to cause that contact. Caudle v. Betts, 512 So.2d 389, 391 (La.1987). It is not necessary that any actual damage be intended. Id. The contact involved can be "merely offensive and insulting" and no physical harm is necessary for battery to occur. Id. Even a "good-natured practical joke" can be a battery. Id.
The plaintiffs' factual allegations with respect to battery are that Dr. Straus grabbed them without their consent.
Assault is, speaking generally, threat of a battery. "Battery is a harmful or offensive contact with a person, resulting from an act intended to cause him to suffer such a contact.... An assault is a threat of such harmful or offensive contact." Brown v. Diversified Hospitality Group, 600 So.2d 902, 906 (La.App. 4th Cir.1992). The plaintiffs factual allegations relate directly to battery, actual contact, rather than assault, the threat of contact. However, read liberally, the plaintiffs' allegations suggest assault as well as battery. Thus, solely for purposes of this present appeal, which deals only with insurance coverage, we will treat the plaintiffs' allegations as including assault.
The elements of intentional infliction of emotional distress are (1) that the conduct of the defendant was extreme and outrageous, (2) that the emotional distress suffered by the plaintiff was severe, and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto, 585 So.2d 1205, 1209 (La.1991). The plaintiffs' factual allegations with respect to intentional infliction of emotional distress are that Dr. Straus made offensive remarks to them.
The plaintiffs' allegations of battery, assault and intentional infliction of emotional distress are sufficient to state causes of action for those torts independent of any violation of La.R.S. 23:1006 by sexual harassment constituting discrimination (and independent of any violation of federal Title VII). Because these tort causes of action can stand alone, separate from the sexual harassment/discrimination cause of action, exclusion of coverage for sexual harassment and discrimination does not exclude coverage for battery, assault and intentional infliction of emotional distress.
The federal Fifth Circuit decided a case very similar to the present case in EEOC v. Southern Publishing Co., 894 F.2d 785 (5th Cir.1990) (Mississippi law). In Southern Publishing, one of the plaintiffs, a female employee, alleged that a male employee grabbed and touched "private parts" of her body. That plaintiff sued for assault and battery as well as making a Title VII discrimination claim. The defendants claimed that they were covered by liability insurance for the assault and battery claim but the insurer denied coverage based on an exclusion similar, although not identical, to Exclusion No. 7 in the present case. The Southern Publishing insurance exclusion excluded coverage for "damages arising out of the discharge of, coercion of, or discrimination against any employee in violation of law." 894 F.2d at 789 (emphasis added). The Southern Publishing court held that coverage for the assault and battery claim was not excluded. "[T]he assault and battery claims may stand alone as separate from any claimed violation of Title VII. The mere fact that plaintiffs brought both claims in one lawsuit does not ... justify treatment of the assault and a battery claim as nothing more than evidence of alleged discrimination." 894 *227 F.2d at 790 n. 2 (internal quotation marks omitted). See also EEOC v. Southern Publishing Co., 705 F.Supp. 1213, 1218 (S.D.Miss.1988) (trial court discussing same issue). We agree with the Southern Publishing decision that, because the battery and assault claims are independent of the sexual harassment discrimination claim, coverage for them is not excluded by the "harassment" and "discrimination" exclusion.[3]
We believe that the reasoning of the Southern Publishing court also is applicable to the plaintiffs' claims of intentional infliction of emotional distress. These tort claims may stand alone as separate from any violation of La.R.S. 23:1006 (or Title VII) and are not merely evidence of discrimination.
INA also argues that Exclusion No. 7's exclusion of coverage for claims of "coercion" of employees is applicable to the plaintiffs' claims of battery, assault and intentional infliction of emotional distress. However, the allegations of battery do not suggest coercion. Indeed, the allegations suggest that the groping was without warning. The assault allegations, while less clear, also do not suggest coercion. The factual allegations with respect to intentional infliction of emotional distress, that Dr. Straus made offensive remarks, and unwelcome advances, do not necessarily involve coercion so as to exclude coverage.
INA also argues that coverage is excluded for the claims of battery, assault and intentional infliction of emotional distress because Exclusion No. 7 excludes coverage for "personnel practices, policies, acts or omissions." The mere fact that an employee is involved does not mean that a "personnel practice", etc. is at issue or the exclusion would have been written to simply state that no claims by employees are covered. We believe that "personnel practices", etc. refers to the usual dealing of employers with employees, in their specific status as employees, such as hiring and firing, promotion and demotion, wages paid and hours worked. In fact, a reading of exclusion No. 7 as a whole suggests that such normal employer-employee relations are the focus of the exclusion. Battery and assault, and the factual allegations of intentional infliction of emotional distress in this case, are not "personnel practices", etc. as referred to in Exclusion No. 7.
For the foregoing reasons, the trial court improperly granted the motion for summary judgment in favor of the defendant, INA Insurance Co. Although the plaintiffs' claims for "sexual harassment" are excluded by Exclusion 7, their claims for assault and battery, and for intentional infliction of emotional distress are not excluded. Accordingly, the judgment below is reversed and this case is remanded for further proceedings consistent with this opinion. This decision addresses only insurance coverage and should not be construed as applying to the merits of the plaintiffs' claims against the defendants.
REVERSED AND REMANDED.
NOTES
[1] Plaintiffs refer to the assault and battery allegations as "sexual assault" and "sexual battery." However, as we will discuss below, the proper names of the relevant civil causes of action in tort are simply "assault" and "battery."
[2] The plaintiffs also have filed a suit in federal court asserting a Title VII cause of action for discrimination by sexual harassment. Our decision in this appeal does not, of course, address that federal lawsuit.
[3] We note that assault and battery exclusions, which the policy at issue does not have, are far from unknown to the insurance industry and have been enforced in numerous reported decisions. See Ledbetter v. Concord General Corp., 564 So.2d 732 (La.App.2d Cir.1990); Paul v. Montesino, 535 So.2d 6 (La.App. 4th Cir.1988); Cortinez v. Handford, 490 So.2d 626 (La.App.2d Cir.1986); Gonsalves v. Dixon 487 So.2d 644 (La.App. 4th Cir.1986); Kiefer v. Whittaker, 468 So.2d 587 (La.App. 4th Cir.) writ denied, 469 So.2d 979 (La.1985).