Judge Terri F. Love
| plaintiff filed suit against another employee of defendant hotel after receiving injuries in a physical altercation while at work. This appeal arises from a third-party demand of the defendant/third-party plaintiff hotel against a third-party defendant, the Louisiana Restaurant Association Self-Insurers Fund. Defendant hotel contends that the indemnity agreement between the parties covered the altercation. The fund filed a motion for summary judgment contending that their indemnity agreement was not an insurance policy, and did not provide coverage to the defendant hotel. The trial court agreed and granted the motion for summary judgment. The trial court dismissed all of the claims against the fund with prejudice.
The defendant hotel appeals contending that the issue is not properly determined on a motion for summary judgment and that the exclusions did not apply. After reviewing, we find that the trial court correctly granted the motion for summary judgment, as the defendant hotel had not waived the right to deny coverage, and the physical altercation was excluded from coverage in a provision of the indemnity agreement. The judgment of the trial court is affirmed.

|¡¡FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Bradley Akers filed suit against Michael McCormick for damages and personal injuries resulting from a physical altercation that took place while they were working as employees for The Columns Hotel, Inc. (“Columns”). The Columns then filed suit, as a third-party plaintiff, against the Louisiana Restaurant Association Self-Insurers Fund (“LRASIF”) contending that the parties’ indemnity agreement provided coverage for damages resulting from the altercation. LRASIF filed a Motion for Summary Judgment asserting that no coverage was provided under the indemnity agreement. The trial court granted the Motion for Summary Judgment and dismissed the claims against LRASIF with prejudice. The Columns filed a Motion for New Trial, which the trial court denied. The Columns’ devolutive appeal followed.
The Columns now appeals, maintaining that the trial court erred: 1) because the exclusions in the indemnity agreement were not applicable to the facts, 2) the exclusions were improper to consider on summary judgment, 3) and because the LRASIF waived the right to utilize the exclusions.

MOTION FOR SUMMARY JUDGMENT

“The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.” La. C.C.P. art. 966(A)(2). “[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(A)(3). “The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written ^stipulations, and admissions.” La. C.C.P. art. 966(A)(4). The burden of proof lies with the party motioning for summary judgment. La. C.C.P. art. 966(D)(1). However, “if the mover will not *141 bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense.” Id. Instead, the mover must “point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” Id. “The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.” Id.
“In determining whether the trial court erred in granting plaintiffs’ Motion for Summary Judgment on the petition to annul, we must discern whether genuine issues of material fact exist.” Descant v. Herrera, 03-0953, p. 8 (La.App. 4 Cir. 12/22/04), 890 So.2d 788, 793. “The standard for reviewing the trial court’s grant or denial of a Motion for Summary Judgment requires de novo review” using the same criteria as the trial court. Id.

WAIVER

The Columns contends that LRASIF waived the ability to raise the exclusions contained in the indemnity agreement because LRASIF initially defended Mr. McCormick without a reservation of rights. To buttress the claim, the Columns cites to jurisprudence regarding the waiver of exclusions in insurance policies.
“Waiver is generally understood to be the intentional relinquishment of a known right, power, or privilege.” Steptore v. Masco Const. Co., Inc., 93-2064, p. 4 (La. 8/18/94), 643 So.2d 1213, 1216. ‘Waiver occurs when there is an existing | ¿right, a knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.” Id.
Prior to revisions made in 2010, La. R.S. 23:1195(A)(1) stated that “[t]his arrangement shall not be an insurer, shall not be deemed to be insurance and shall not be subject to the provisions of Chapter 1 of Title 22 of the Louisiana Revised Statutes of 1950.” (emphasis added). The Louisiana Supreme Court’s interpretation found that the bolded limiting clause meant that self-insurance’s designation as “not insurance” had “a circumscribed and limited meaning” instead of providing that self-insurance was never treated as insurance. Louisiana Safety Ass’n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass’n, 09-0023, p. 11 (La. 6/26/09), 17 So.3d 350, 357. In other words, self-insurance could sometimes be treated as insurance. However, the Legislature amended La. R.S. 23:1195(A)(1) in 2010 to redact the bolded portion. The statute now specifically provides that “[t]his arrangement shall not be an insurer, shall not be deemed to be insurance and shall not be subject to the Louisiana Insurance Code.” La. R.S. 23:1195(A)(1) (emphasis added). Further, the statute states that “[t]he member employers of the arrangement likewise shall not be insurers or be subject to the Louisiana Insurance Code.”
“When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 9. The revised portions of La. R.S. 23:1195 are clear and unambiguous. The Legislature deleted the section subjecting group insurers to a portion of the Louisiana Insurance Code. Group insurers are now exempt from the Louisiana |RInsurance Code, shall not be considered insurers, and shall not be con *142 sidered insurance. No caveats remain. As such, we need not consider the jurisprudence interpreting the waiver of exclusions in insurance contracts. Accordingly, we will determine whether the indemnity agreement provisions provided that the exclusions were waived even if LRASIF initially undertook the defense of Mr. McCormick.
“The contract of indemnity forms the law between the parties and must be interpreted according to its own terms and conditions.” Yocum v. City of Minden, 566 So.2d 1082, 1086 (La. App. 2nd Cir. 1990). “The general rules which govern the interpretation of other contracts apply in construing a contract of indemnity.” Id. “Interpretation of a contract is the determination of the common intent of the parties.” La. C.C. art. 2045. “When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in.search of the parties' intent.” La. C.C. art. 2046.
The indemnity agreement for workers’ compensation and employer’s liability provides that:
It is a contract of indemnity between you (the employer named on the Membership Application) and us (the Louisiana Restaurant Association Self Insurance Trust or the “Fund”. The terms of the Agreement may not be changed or waived except in writing or by written .endorsement issued by the Fund, both of which shall be considered part of the Agreement.
Under Section III. Employer’s Liability Indemnity Protection (Part B)- states that:
The Fund may, but is not obligated to, also defend any co-employee, or anyone for whom you are legally responsible, whose acts or omissions may. have caused or contributed to the bodily injury suffered.
* * *
The Fund has no duty' to defend a claim, proceeding or suit for damages which is not covered by |6this Employer’s Liability Indemnity Protection (Part B). The Fund may, at its sole option, defend any non-covéréd claim; however, in no event shall the Fund’s actions in defending a non-covered claim be considered as a waiver of its right to deny Indemnity Protection to you and any covered person for any non-covered claim. In the event the Fund undertakes the defense of you or any covered person for a non-covered claim, the Fund reserves the right to withdraw its defense at any time, (emphasis added).
The language contained in the indemnity agreement clearly states that LRASIF does not waive the right to deny coverage by undertaking the defense óf a person on a non-covered claim. Further, the indemnity agreement also gives LRASIF the right to withdraw its defense at any time. As such, we do not find that LRASIF waived its right to deny covérage based upon the exclusions contained in the indemnity agreement by representing Mr. McCormick and later withdrawing.

POLICY EXCLUSIONS

The Columps asserts that the trial court erred by granting LRASIF’s Motion for Summary Judgment because it failed to prove the exclusions apply to the facts of this case and because applying the exclusions requires fact finding, which is improper on summary judgment.
LRASIF relied upon three exclusions in the Motion for Summary Judgment: 1) bodily injury exclusion, 2) assault and battery exclusion, and 3) employment practices exclusion. The bodily injury exclusion reads as follows:
*143 5. Bodily injury to an employee resulting from any act or omission by you, any other covered person, or any person, for whom you are legally responsible, which a reasonable person would expect to cause any bodily injury. This exclusion applies even if the bodily injury, which actually results, is-of a different kind or degree than would be expected, or is sustained by a different person than expected.
The assault and battery exclusion states:
176. Bodily injury to an employee which results from assault, battery, homicide, conversion, intentional infliction of emotional distress, libel, slander, defamation, invasion of privacy, malicious prosecution, false imprisonment, rape, sexual assault, or any criminal activity.
Lastly, the employment practices exclusion reads:
12. Any and all damages arising out of coercion; criticism; demotion; evaluation; reassignment; discipline; defamation; harassment; humiliation; discrimination against or termination of any employee, or any personnel activities, policies, acts or omissions; sexual harassment; racial discrimination; hostile work, environment; sexual discrimination; or employment discrimination; whether caused by you, by any other covered person, or by any person for whom you are legally responsible.
As we stated above, the interpretation of the indemnity agreement is accomplished with the same rules of interpreting contracts. Yocum, 566 So.2d at 1086. Again, the “[interpretation of a contract is the determination of the common intent of the parties.” La. C.C. art. 2045. “When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made' in search of the parties’ intent.” La. C.C. art. 2046. “The words of a contract must be given their generally prevailing meaning.” La. C.C, art. 2047. “Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract.” La. C.C; art. 2048.
“A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective.” La. C.C. art. 2049. “Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.” La. C.C. art. 2050. “Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the - parties intended to Isinclude.” La. C.C. art. 2051,
The Columns contends that Mr. McCormick acted in self-defense, which would present a factual question unsuitable for summary judgment. However, the exclusions in the indemnity agreement do not contain a self-defense provision. Therefore, while-the issue of self-defense may be an unresolved factual issue, it is not a material or genuine factual issue in the present case. See Hewitt v. Allstate Ins. Co., 98-0221, pp. 5-6 (La.App. 4 Cir. 1/27/99), 726 So.2d 1120, 1122-23.
We find that the bodily injury exclusion is unambiguous. The indemnity agreement does not cover the Columns for injuries Mr. McCormick inflicted upon Mr. Akers because Mr. McCormick’s acts are such that “a reasonable person would expect to cause” bodily injury. It is irrelevant whether Mr. McCormick intended to harm or injure Mr. Akers, or whether Mr. McCormick was acting in- self-defense. There is no dispute about whether the physical altercation between Mr. Akers and Mr. McCormick actually occurred. The dispute lies within determining the cause *144 of the altercation, the actions taken during the altercation, and the initial aggressor of the altercation. Neither of which factors into the application of the bodily injury policy exclusion, and summary judgment was properly granted.
Likewise, we find that the assault and battery exclusion is unambiguous and also applicable. The Louisiana “Supreme Court has held that a battery is a harmful or offensive contact with a person resulting from an act intended to cause that contact.” Lawson v. Straus, 95-1537, p. 4 (La.App. 4 Cir. 3/14/96), 673 So.2d 223, 226. “It is not necessary that any actual damage be intended.” Id. “The contact involved can be ‘merely offensive and insulting’ and no physical harm is necessary for battery to occur.” Lawson, 95-1537, pp. 4-5, 673 So.2d at 226, quoting Caudle v. Betts, 512 So.2d 389, 391 (La. 1987). “Even a ‘good-natured practical joke’ can be a battery. Id. “Assault is, speaking generally, threat of a battery.” Lawson, 95-1537, p. 5, 673 So.2d at 226. As we stated above, it is undisputed that a physical altercation occurred between Mr. Akers and Mr. McCormick. The actions of Mr. McCormick are consistent with that of an assault and battery. As such, the events would be excluded from coverage by the indemnity agreement. Therefore, we find that the trial court correctly granted LRASIF’s Motion for Summary Judgment. The judgment of the trial court is affirmed.

DECREE

For the above-mentioned reasons, we find that the trial court correctly granted LRASIF’s Motion for Summary Judgment because it had not waived the right to deny coverage and the actions were excluded from coverage pursuant to exclusions in the indemnity agreement. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED
LANDRIEU, J., CONCURS IN THE RESULT.
LOBRANO, J., CONCURS IN THE RESULT.